CARL T. POLK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Polk v. Commissioner
Docket No. 27311-82.
United States Tax Court
T.C. Memo 1983-694; 1983 Tax Ct. Memo LEXIS 92; 47 T.C.M. (CCH) 384; T.C.M. (RIA) 83694; November 23, 1983. Philip Starr, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c) and (d) [1] and Delegation Order No. 8 (81 T.C. VII) (July 1983) for consideration and ruling on respondent's Motion for Summary Judgment. After a review of the record we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgement filed pursuant to Rule 121 [2] on August 31, 1983. *93 Respondent determined income tax deficiencies and additions to tax under section 6653(b) in the following amounts: INCOME TAX
ADDITION TO TAX
YEAR
DEFICIENCY
SECTION 6653(b)
1979
$2,680.00
$1,340.00
1980
6,075.77
3,037.89
The deficiencies resulted from respondent's determination that petitioner failed to report wage income in 1979 and 1980 in the respective amounts of $20,635.95 and $23,239. On January 17, 1983 respondent filed his answer to the petition filed in this case. In paragraph 10 of said answer respondent affirmatively pleaded as to the income tax deficiencies and the additions to tax. Since petitioner filed no reply respondent, on March 30, 1983, filed a Motion (pursuant to Rule 37(c)) for Entry of Order that Undenied Allegations in Answer be Deemed Admitted, which motion was set for hearing in Washington, D.C. on May 4, 1983. When this case was called from the calendar on May 3, 1983 no appearance was made by or on behalf of petitioner and no reply had been filed. After the hearing this Court, by Order dated May 4, 1983, granted respondent's motion and deemed admitted for purposes of this case the undenied affirmative allegations *94 in subparagraph 10(a) through 10(y) of the answer. The following findings of fact are based on the record as a whole, allegations in respondent's answer admitting allegations in the petition and those facts in respondent's answer deemed admitted by our May 4, 1983 Order. FINDINGS OF FACT Petitioner was a resident of Lithia, Florida at the time the petition herein was filed. Petitioner was a pipefitter throughout the years 1979 and 1980 and a member of Steamfitters & Air Conditioning Local 624. During the years 1979 and 1980 petitioner received the following amounts as wages or compensation for his services. 1979
EMPLOYER
AMOUNT
Stearns-Roger, Inc.
$19,092.27
Southeastern Construction
& Maintenance, Inc.
571.79
Universal Corporation
971.89
$20,635.95
1980
Southeastern Construction
& Maintenance, Inc.
$3,433.36
Universal Corporation
8.922.39
Lakeland Construction Co.
1,029.42
Power Piping Company
299.42
Central Maintenance &
Welding, Inc.
268.08
Davy McKee Corporation
40.83
Mulberry Construction Co., Inc.
7,091.51
Bay Plastering Company, Inc.
144.00
Maintenance & Machinery
Erectors, Inc.
747.66
Catalytic, Inc.
410.04
P.J. Pedone & Company, Inc.
852.29
$23,239.00
*95 On December 14, 1978 petitioner filed with Southeastern Construction & Maintenance, Inc. a Form W-4 (Employee's Withholding Allowance Certificate) bearing the designation "Exempt." On January 21, 1980 petitioner filed with Lakeland Construction Company a Form W-4 bearing the designation "Exempt." On February 13, 1980 petitioner filed with Stearns-Roger, Inc. a Form W-4 bearing the designation "Exempt." On May 12, 1980 petitioner filed with Catalytic, Inc. a Form W-4 bearing the designation "Exempt." On May 14, 1980 petitioner filed with Power Piping Company a Form W-4 bearing the designation "Exempt." On July 9, 1980 petitioner filed with Mulberry Construction Company a Form W-4 bearing the designation "Exempt." On July 18, 1980 petitioner filed with Bay Plastering Company, Inc. a Form W-4 bearing the designation "Exempt." On December 9, 1980 petitioner filed with David McKee Corp. a Form W-4 bearing the designation "Exempt." On December 10, 1980 petitioner filed eith Maintenance and Machinery Erectors, Inc. a Form W-4 bearing the designation "Exempt." Petitioner failed to report his wages and other compensation on his 1979 and 1980 income tax returns. Throughout the audit stages *96 of this case petitioner refused to cooperate with the respondent's representatives. A part of the underpayment of tax required to be shown on petitioner's income tax returns for 1979 and 1980 was due to fraud. OPINION Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, * * * and any other acceptable materials, together with the affidavits, if any, show that there is no geniune issue as to any material fact and that a decision may be rendered as a matter of law." In view of the facts deemed admitted we believe that summary judgment is appropriate here. Petitioner apparently contends that he received no taxable income in 1979 and 1980 because the value of his labor and services was equal to the compensation received. This contention is singularly without merit. , affg. a Memorandum Opinion of this Court. It is well settled that wages received in exchange for services constitute taxable income. ; . With respect *97 to the addition to tax for fraud the respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Rule 142(b). Respondent's burden can be satisfied through the undenied facts deemed admitted under Rule 37(c). . Here, the material factual allegations in the respondent's answer (paragraph 10g through 10y) establish clearly and convincingly that the underpayments of tax in 1979 and 1980 were due to fraud with intent to evade tax. Therefore, since there is no genuine issue as to any material fact present in the record, respondent is entitled to a decision as a matter of law. Respondent's Motion for Summary Judgment will be granted with respect to deficiencies and the additions to tax under section 6653(b) for the years 1979 and 1980. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩